UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

FRANK BARTHOLIC
        Plaintiff

VERSUS

STATE OF LOUISIANA
        Defendant

Civil Action No. 10-00289

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Plaintiff, Frank Bartholic ("Bartholic") filed a civil rights complaint against the State of Louisiana ("Louisiana") on February 18, 2010 (Doc. 1). In the complaint, Bartholic contends Louisiana violated both the Due Process and Equal Protection clauses of the Fourteenth Amendment by requiring him to register as a sex offender. Specifically, he contends that he should not have to register as a sex offender because he was initially told, upon moving to Louisiana, that Louisiana law did not require him to register. Bartholic contends his civil rights were violated when he was told six months later that he was indeed required to register. He seeks monetary damages in the amount of $250,000,000.

On June 16, 2010, Louisiana filed a Motion to Dismiss arguing it was immune from suit in federal court by virtue of the Eleventh Amendment of the United States Constitution (Doc 10). Bartholic filed a response to the motion on June 6, 2004 (Doc 12).

The motion to dismiss and response thereto are currently before the undersigned for report and recommendation.

Eleventh Amendment - Sovereign Immunity

The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives sovereign immunity. U.S. Const. Amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114,1122, 134 L.Ed.2d 252 (1996). While Congress may abrogate a state's immunity, it must be done unequivocally and Congress has not unequivocally done so in civil right cases under 42 U.S.C.A. § 1983. Id. at 55; Quern v. Jordan, 440 U.S. 332, 338-40, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Will v. Michigan Department of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999). Furthermore, under La.R.S. 13:5106, the State of Louisiana has not waived its immunity under the Eleventh Amendment from suit in federal court. Accordingly, this court is without jurisdiction to hear this case and Louisiana is entitled to dismissal of this case.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss (Doc. 10) be GRANTED and Bartholic's complaint be DISMISSED WITH PREJUDICE.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of September 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE